# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-5927 PA (JPRx) | Date | August 10, 2017 |
| Title | Erik Chan v. EFX, Inc., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendants EFX, Inc. and Bryan K. Ono (collectively "Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Erik Chan ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

     Even where the complete diversity requirement is met, removal is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5927 PA (JPRx) | Date | August 10, 2017 |
|---|---|---|---|
| Title | Erik Chan v. EFX, Inc., et al. | | |

is brought." 28 U.S.C. § 1441(b)(2) (the "local defendant" limitation). According to the Notice of Removal, Plaintiff is a citizen of Hong Kong, while EFX, Inc. and Bryan Ono are citizens of California. (See Notice of Removal ¶¶ 3-5.) The fact that Defendants are California citizens renders the Notice of Removal procedurally defective under the "local defendant" limitation on removals. See 28 U.S.C. § 1441(b)(2).

As a result of the procedurally defective Notice of Removal, this action is remanded to the Los Angeles County Superior Court, Burbank Courthouse, Case No. EC066776, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c). The Court stays this order until August 15, 2017. If Plaintiff wishes to waive the procedural defect and, as a result, remain in federal court, he must file a Notice of Waiver of Procedural Defects no later than August 15, 2017. If Plaintiff does not file such a Notice, the Court will conclude that he has not waived the procedural defects. After that date, the Court will remand this action to Los Angeles County Superior Court as a result of the procedural defects in the Notice of Removal.

IT IS SO ORDERED.